UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RENZO BARBERI,

Plaintiff,

vs.                                                            CASE NO.: 1:21-CV-20892-KMM

VIKING-HD CORP., a Florida Profit
Corporation and 7921 WAREHOUSE, INC.,
a Florida Profit Corporation,

Defendants.
_____/

**DEFENDANT 7921 WAREHOUSE, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW the Defendant, 7921 WAREHOUSE, INC. ("Defendant" or "7921 Warehouse"), by and through undersigned Counsel, and hereby files its Answer and Affirmative Defenses to Plaintiff's, RENZO BARBERI, Complaint and states the following:

**ANSWER TO COMPLAINT
JURISDICTION, VENUE, AND PARTIES**

1. Admitted as to Jurisdiction. Denied as to all else.

2. Admitted as to Venue. Denied as to all else.

3. Defendant is without knowledge, therefore denied.

4. Defendant is without knowledge, therefore denied.

5. Admitted as to 7921 Warehouse being the owner and lessor of the Real Property located at 7901 W. 25th Ct., Hialeah, FL 33016. Denied as to all else.

**CLAIMS: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

6. Defendant incorporates and re-alleges paragraphs 1 through 5.

7. Admitted as to the Americans with Disabilities Act ("ADA").

8. Admitted as to the ADA.

9. Admitted as to the ADA.

10. Admitted as to the ADA.

11. Denied.

12. Denied.

13. Defendant is without knowledge, therefore denied.

14. Admitted as to the ADA.

15. Denied.

16. Denied.

17. Defendant is without knowledge, therefore denied.

18. Admitted as to the ADA. Denied as to all else.

19. Defendant is without knowledge, therefore denied.

20. Admitted as to the statute. Denied as to allegations of wrongdoing.

## REQUEST FOR RELIEF

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

## AFFIRMATIVE DEFENSES

Defendant 7921 Warehouse asserts the following affirmative defenses:

### First Affirmative Defense

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

2. Plaintiff lacks standing to file this action.

### Third Affirmative Defense

3. The Plaintiff's standing to bring this action for relief against the Defendant in that the Plaintiff never patronized the Defendant's establishment and has no definite intention of patronizing the property in the future. The Plaintiff's desire to have access to the Property is not for the purpose of using the property or obtaining access to the goods and services therein, but solely for the purpose of determining compliance with ADA.

### Fourth Affirmative Defense

4. Plaintiff lacks standing to bring this action against the Defendant for purported discrimination and denial of access to goods, services, facilities, or portions of the Property (a) to which Plaintiff did not seek access prior to filing this action; (b) of which Plaintiff had no knowledge prior to commencement of this action, and (c) that are not related to Plaintiff's disabilities.

### Fifth Affirmative Defense

5. The Plaintiff's claims are moot as the violations alleged in the Complaint have been remedied and are in compliance with the relevant ADA provisions.

### Sixth Affirmative Defense

6. To the extent that the property is subject to the ADA and its regulations, the removal of any architectural barriers is not readily achievable.

**Seventh Affirmative Defense**

7.  In the alternative, and to the extent that the property is subject to the ADA and its regulations, the modifications or changes Plaintiff seeks are not easily accomplishable nor is Defendant able to carry out the proposed modifications without much difficulty or expense.

**Eighth Affirmative Defense**

8.  In the alternative, and to the extent that the property is subject to the ADA and its regulations, the cost of renovations, remodeling, or reconstruction or changes or rearrangement of structural parts or elements far exceeds the benefits reasonably expected from such expenditures, rendering compliance economically unfeasible.

**Reservation for Additional Defenses**

Defendant reserves the right to assert such additional defenses as may appear applicable during the course of this litigation.

WHEREFORE, Defendant 7921 Warehouse respectfully requests this Court (1) dismiss Plaintiff's Complaint with prejudice and on the merits, (2) award Defendant costs and attorneys' fees pursuant to statute, and (3) such other relief as this Court deems equitable, just, and proper.

DATE: April 12, 2021

Respectfully submitted,

RICHARDS LEGAL GROUP
*Attorneys for 7921 Warehouse, Inc.*
55 Miracle Mile, Suite 310
Coral Gables, Florida 33134
Telephone:  (305) 448-2228
Facsimile:   (305) 448-2229
Primary E-mail: rrichards@richpa.net
Secondary E-mail: amuniz@richpa.net
ppatel@richpa.net
service@richpa.net

By:     *s/ Richard L. Richards*
RICHARD L. RICHARDS
Florida Bar No. 9415
ALEJANDRA MUÑIZ MARCIAL
Florida Bar No.: 1019266
POOJA K. PATEL
Florida Bar No.: 1025059

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 12th day of April 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF Filing.

By: *s/ Richard L. Richards*
RICHARD L. RICHARDS